Justice Souter,
concurring.
I join the Court’s opinion here, as I do in today’s companion case of Kimbrough v. United States, post, p. 85, which follow United States v. Booker, 543 U. S. 220 (2005), and Rita v. United States, 551 U. S. 338 (2007). My disagreements *61 with holdings in those earlier cases are not the stuff of formally perpetual dissent, but I see their objectionable points hexing our judgments today, see id., at 389-392 (Souter, J., dissenting), and Booker, supra, at 272 (Stevens, J., dissenting in part). After Booker’s remedial holding, I continue to think that the best resolution of the tension between substantial consistency throughout the system and the right of jury trial would be a new Act of Congress: reestablishing a statutory system of mandatory sentencing guidelines (though not identical to the original in all points of detail), but providing for jury findings of all facts necessary to set the upper range of sentencing discretion. See Rita, supra, at 392.